**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JALIL BRADY,** *Plaintiff,* | : | |
| **v.** | : | **CIVIL NO. 22-5029** |
| **VENGROFF WILLIAMS INC and VWI SUBROGATION, INC.,** *Defendants.* | : | |

**MEMORANDUM OPINION**

**Scott, J.** **September 5, 2023**

In this action arising out of attempts by the defendants Vengroff Williams Inc. and VWI Subrogation, Inc. (collectively "VWI") to collect on an insurance subrogation claim following an automobile accident, plaintiff Jalil Brady alleges that VWI violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), by communicating with him about the claim without his consent, at an inconvenient time, and using obscene or profane language. Moving to dismiss the complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), VWI contends that the complaint should be dismissed because an insurance subrogation obligation is not a "debt" as defined in the FDCPA, and therefore the collection of a subrogation claim is not subject to the statute.

Accepting the facts in the complaint as true and drawing all reasonable inferences from them in Brady's favor, the court concludes that he has failed to state a plausible claim for relief.

## Background

According to the complaint,[1] on May 2, 2022, while Brady was driving his car, he had a rear-end collision with someone driving a 2014 Audi.[2] The Audi's driver was insured by State Farm Auto Insurance Company ("State Farm"). On July 22, 2022, VWI notified Brady by letter that it represented State Farm.[3] VWI stated that after State Farm investigated the accident, it determined that Brady and/or his vehicle were responsible for the accident, and that he was responsible for paying the claim amount of $18,928.92. In the alternative, VWI told him that if he had liability insurance, he could provide this information to them, or he could dispute the obligation within thirty days of his receipt of the letter.[4]

Brady did not respond directly to VWI's letter. Instead, on August 12, 2022, he submitted a complaint to the Consumer Financial Protection Bureau ("CFPB"), in which he alleged that VWI was attempting to collect a debt from him that he did not owe in violation of the FDCPA. VWI responded to Brady's CFPB complaint on September 1, 2022, explaining that it was

> the subrogation agent attempting to recover an unresolved tort claim. Subrogation is the right of reimbursement from a responsible third-party. Regarding the alleged claims that we have violated the FDCPA, you would not have the ability to state a claim under the Fair Debt Collection Practices Act. Coverage under the Act only arises in a 'consumer debt transaction,' 15 U.S.C. Sections 1692a(3) and (5). More specifically, that is a natural person obligated to pay

---

[1] *See* ECF No. 1. Plaintiff attaches three exhibits to his complaint. ECF No. 1 at 6–7; ECF No. 1-1. Because courts may consider the allegations in the complaint as well as exhibits attached to the complaint in deciding a motion to dismiss, *see Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citations omitted), we consider the plaintiff's complaint and the exhibits attached thereto.

[2] *See* Letter from VWI to Brady, dated Sept. 20, 2022 ("9/20/22 Letter"), Exhibit "C" to Compl. (ECF No. 1-1 at 13).

[3] *See* Letter from VWI to Brady, dated July 22, 2022 ("7/22/22 Letter"), Exhibit "A" to Compl. (ECF No. 1-1 at 2).

[4] *See* 7/22/22 Letter.

> an obligation or alleged obligation arising from a transaction, the subject of which is primarily for personal, family, or household purposes. The Fair Debt Collection Practices Act (FDCPA) does not apply to the collection of subrogation interests arising out of motor vehicle accidents, whether alleged or reduced to judgment, as distinct from a transaction meaning a consumer obligation arising out of consensual or contractual arrangements.[5]

On September 20, 2022, VWI again wrote to Brady, this time enclosing itemized billing statements of the charges that State Farm paid in connection with the property damage claim resulting from the auto accident between Brady's vehicle and State Farm's client's insured vehicle.[6] VWI reiterated in this letter that State Farm had determined that Brady was "liable for the damages and costs incurred."[7] The letter also stated that the FDCPA "does not apply to the collection of subrogation interests arising out of motor vehicle accidents, whether alleged or reduced to judgment, as distinct from a transaction meaning a consumer obligation arising out of consensual or contractual arrangements."[8]

On December 19, 2022, Brady filed the instant action against VWI based on its attempt to collect on State Farm's $18,928.82 subrogation claim. He alleges that VWI violated 15 U.S.C. §§ 1692c(a), 1692c(a)(1), 1692b(1), 1692b(2), 1692d(1), 1692d(2), 1692e(2)(A), 1692e(5), 1692e(7), 1692f, and 1692b(5) of the FDCPA by communicating with him about the claim without his consent, at an inconvenient time, and using obscene or profane language; making false, deceptive, or misleading representations "in connection with the collection of a debt, with the false representation of the character amount"; threatening to take "action that cannot legally be taken or

[5] *See* CFPB Complaint, Exhibit "B" to Compl. (ECF No. 1-1 at 8).

[6] *See* 9/20/22 Letter (ECF No. 1-1 at 14–29).

[7] *See* 9/20/22 Letter (ECF No. 1-1 at 13).

[8] *Id.*

is not intended to be taken"; and using unfair or unconscionable means "to attempt to collect any debt."

On January 17, 2023, VWI filed its motion to dismiss the complaint, arguing that it fails to state a claim for relief under the FDCPA because the insurance subrogation claim is not a "debt" as defined in the FDCPA. When Brady failed to respond to the motion, on April 26, 2023, the court ordered him to file a response no later than May 16, 2023.[9] Brady never filed a response to VWI's motion.

**Standard of Review**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)). Additionally, a *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). Nevertheless, the plaintiff must allege facts necessary to make out each element. *Phillips v. County*

---

[9] *See* ECF No. 9.

*of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 563 n.8). A conclusory recitation of the elements of a cause of action is not sufficient. *Id.*

Finally, in deciding a motion to dismiss, courts may consider the allegations in the complaint as well as exhibits attached to the complaint. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

**Discussion**

Under Local Rule 7.1(c), most motions may be granted as uncontested in the absence of a timely response. However, the Third Circuit has cautioned that a district court may not grant a Rule 12(b)(6) motion as unopposed and dismiss a complaint without first analyzing the motion on the merits and finding an independent legal basis on which to grant it. *Wiggins v. MacManiman*, 698 F. App'x 42, 43 (3d Cir. 2017) (quoting *Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1991)). Therefore, although Brady's failure to respond to the motion renders it unopposed, the court will conduct an independent analysis of the merits of VWI's motion.

The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive, and unfair debt collection practices by debt collectors. *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir. 1987) (citing 15 U.S.C. § 1692). Among the practices prohibited is the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Thus, a threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a "debt." *Zimmerman*, 834 F.2d at 1167.

VWI correctly argues that the obligation at issue is not covered by the FDCPA because it is not a "debt" as defined in the FDCPA. Under the statute,

> [t]he term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

The "type of transaction" that involves a "debt" under the FDCPA includes the offer or extension of credit to a consumer. *Zimmerman*, 834 F.2d at 1168. More specifically, it is a transaction in which a consumer is offered or extended the right to acquire "money, property, insurance, or services," which are "primarily for household purposes" and to defer payment. *Id.* at 1168–69. Additionally, the FDCPA "applies only to debts arising out of a 'transaction,' which encompasses "consensual or contractual arrangements, not damage obligations.'" *Gross v. Maitlin*, 519 App'x 749, 751 (3d Cir. 2013) (quoting *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998)).

Based on the FDCPA's definition of "debt," as well as the guidance provided by the Third Circuit in both *Zimmerman* and *Gross* as to the types of transactions to which the FDCPA applies, the court concludes that the FDCPA does not encompass subrogation claims arising from alleged tort liability like the one at issue here. Rather, it applies to offers or extensions of credit, primarily for household purposes, as well as to transactions that encompass "consensual or contractual arrangements -- not "damage obligations."

Numerous district courts in the Third Circuit agree. *See, e.g., Chavanne v. Second Look, Inc.*, 594 F. Supp. 3d 662, 669 (E.D. Pa. 2022) (the plain language of the FDCPA "contemplates purchases, leases, extensions of credit, payments for services – not subrogation claims arising from alleged tort liability"); *Kazmi v. CCS Commercial, LLC*, No. CIV.A. 14-6132 MAS, 2015 WL 4392836, at *2 (D.N.J. July 16, 2015) (even though the plaintiff was not the tortfeasor, where the

insurance carrier hired the defendant to collect from the plaintiff on a subrogation claim related to a motor vehicle accident, the claim did not constitute a debt under the FDCPA because damages resulting from an automobile accident did not arise out of any consensual or business dealing and, thus, did not constitute a transaction under the FDCPA).

Here, the subrogation claim does not arise out of a "consumer debt transaction." It is not the result of a consumer purchase – or any purchase at all. Nor was any extension of credit offered. Instead, the subrogation claim flows directly from Brady's alleged tort liability arising out of his negligence in causing the accident to State Farm's client. Because the FDCPA applies only to debts arising out of a transaction that encompasses "consensual or contractual arrangements," and there was no transaction, contractual relationship, or other business dealing between VWI and Brady, VWI cannot be liable to him on any claim under the FDCPA.

**Conclusion**

Because attempts to collect on subrogation claims do not give rise to FDCPA liability, Brady has failed to state a claim upon which relief can be granted. Therefore, the court will grant VWI's motion to dismiss the complaint.

**BY THE COURT:**

**HON. KAI N. SCOTT**
**United States District Court Judge**